DECISION AND JUDGMENT ENTRY
{¶ 1} Deleon Bell appeals his possession of drugs and trafficking in drugs convictions and sentences in the Scioto County Common Pleas Court. On appeal, Bell contends that possession of drugs (crack cocaine) in violation of R.C. 2925.11(A) and trafficking in drugs (crack cocaine) in violation of R.C. 2925.03(A)(2) are allied offenses of similar import, and thus, the court can only sentence him for one offense. Because we have already decided this issue in another case and held that the two offenses are not allied offenses of similar import, we disagree. Bell next contends that insufficient evidence supported his two convictions. Because, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential *Page 2 
elements of the crimes of possession of drugs and trafficking in drugs proven beyond a reasonable doubt, we disagree. Bell next contends that the trial court erred when it allowed jurors to see copies of a written transcript while they listened to the audio part of a video recording. Because no "material differences" existed between the transcript and the recording, we disagree and find that the trial court did not abuse its discretion. Accordingly, we overrule all three of Bell's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} A Scioto County Grand Jury indicted Bell for possession of drugs in violation of R.C. 2925.11(A) and trafficking in drugs in violation of R.C. 2925.03(A)(2). Bell entered not guilty pleas and the case proceeded to a jury trial.
 A. State's Version of the Facts at Trial {¶ 3} The State Highway Patrol stopped a vehicle driven by Bell. Shawn Williams was a passenger. Another officer arrived with a drug dog that alerted officers that drugs were in the car. The troopers placed Bell and Williams in the back seat of a cruiser and searched the car. The officers found 94 rocks of crack cocaine inside baby shoes, which were inside a Foot Locker bag.
 {¶ 4} The audio part of a video recording between Bell and Williams in the back seat of the cruiser shows that Bell had prior knowledge of the presence of the crack cocaine. Bell, not Williams, knew the location of the drugs. In the recording, Bell states that the drugs were in a Foot Locker bag; and he reached *Page 3 
in the back seat area to find the bag to throw it out the window. Bell could not find the bag and asked Williams where Williams put the bag.
 {¶ 5} The troopers took Bell and Williams to the patrol post. A trooper interviewed Bell after reading him his Miranda rights and after Bell executed a waiver of those rights. Bell wrote out answers to questions and claimed ownership of the drugs.
 B. Bell's Version of Facts at Trial {¶ 6} Bell claimed that his written confession was a lie. He said that Williams informed him about the drugs for the first time when they were in the back seat of the patrol car. He said that Williams convinced him to take ownership of the drugs.
 C. At trial, Bell Objected to Listening Aid {¶ 7} The trial court, over Bell's objection, allowed the jurors to see a written transcript while listening to the audio part of a video recording of the conversation between Bell and Williams in the back seat of the patrol car. Bell argued that material differences existed between the transcript and the recording. In particular, Bell pointed to the transcript's reference to Bell wishing he had thrown the drugs out the window.
 C. Jury Verdicts, Court Findings, Sentencing, Appeal {¶ 8} The jury returned verdicts finding Bell guilty of possession of drugs and trafficking in drugs. The court found that the two offenses were felonies of the first degree. It sentenced Bell to a fourteen-year prison term, i.e., five years for *Page 4 
the possession of drugs and nine years for trafficking in drugs. The court ordered that the sentences run consecutive to each other.
 {¶ 9} Bell appeals and asserts the following three assignments of error: I. "The trial court erred in sentencing Appellant on trafficking in drugs and possession of drugs when the offenses are allied offenses of similar import." II. "The trial court erred when it entered judgment against the appellant when the evidence was insufficient to sustain a conviction." And, III. "The trial court erred when it permitted the use of a listening aid to be provided to the jury during the trial while audio/video exhibits were being played by the Appellee when there were material differences between the recordings and the transcripts."
 II. {¶ 10} Bell contends in his first assignment of error that, pursuant to R.C. 2941.25, possession of drugs and trafficking in drugs are allied offenses of similar import. He claims that the trial court should have merged the two offenses into one offense and sentenced him accordingly.
 {¶ 11} We have already addressed this issue in State v. McGhee, Lawrence App. No. 04CA15, 2005-Ohio-1585. For the same reasons stated inMcGhee, we find that possession of drugs in violation of R.C. 2925.11(A) and trafficking in drugs in violation of R.C. 2925.03(A)(2) are not allied offenses of similar import. See id. at ¶¶ 14-15; contra, State v.Cabrales, Hamilton App. No. C-050682, 2007-Ohio-6334 (Ohio Supreme Court accepted a certified conflict discretionary appeal).
 {¶ 12} Accordingly, we overrule Bell's first assignment of error. *Page 5 
 III. {¶ 13} Bell contends in his second assignment of error that insufficient evidence supported his two convictions.
 {¶ 14} The function of an appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 33, citingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 15} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App .3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Smith, at ¶ 34, citing Jackson, 443 U.S. at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Smith, at ¶ 34, citing State v. Thomas (1982), 70 Ohio St .2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. *Page 6 
 {¶ 16} The possession of drugs offense in question is set forth in R.C. 2925.11(A), which states, "No person shall knowingly obtain, possess, or use a controlled substance." The trafficking in drugs offense in question is set forth in R.C. 2925.03(A)(2), which states, "No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 17} Bell maintains that insufficient evidence supports the "identity" element of the two offenses. Specifically, he maintains that the State did not show that he was the "person" who possessed or trafficked in crack cocaine. Bell asserts that his passenger, not him, was the guilty party.
 {¶ 18} We find that the State presented sufficient evidence to show that Bell was the "person" involved in the possession and trafficking of the crack cocaine. Bell admitted to police in writing that he owned the crack cocaine. An audio recorded conversation between Bell and Williams in the back seat of the police cruiser showed that Bell had prior knowledge of the drugs before the stop; and, of the two men, Bell appeared to have the greater knowledge. Specifically, he knew the drugs were inside a Foot Locker bag. The recorded conversation revealed that Bell could not find the bag containing the drugs before the stop so that he could throw them out the window. As such, even if Bell did not immediately possess the drugs, a reasonable jury could find that he constructively possessed them. *Page 7 
 {¶ 19} The jury also heard evidence that the 97 grams of crack cocaine was packaged in 94 individual baggies. Bell, as the driver, transported the drugs. As such, based on this evidence, a reasonable jury could infer that Bell was also a trafficker.
 {¶ 20} Therefore, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of the crimes of possession of drugs and trafficking in drugs proven beyond a reasonable doubt. Consequently, sufficient evidence supports Bell's two convictions.
 {¶ 21} Accordingly, we overrule Bell's second assignment of error.
 IV. {¶ 22} Bell contends in his third assignment of error that the trial court erred when it allowed the jurors to view a written transcript of the recorded conversation between Bell and Williams. Bell asserts that the written transcript "materially differed" from the tape.
 {¶ 23} "Where there are no `material differences' between a tape admitted into evidence and a transcript given to the jury as a listening aid, there is no prejudicial error. (Cites omitted.)" State v.Waddy (1992), 63 Ohio St.3d 424, 445, superseded by constitutional amendment on other grounds. Transcripts are permitted as a listening aid, but they should not be admitted into evidence. State v. Rogan
(1994), 94 Ohio App.3d 140, 163.
 {¶ 24} A trial court has discretion to allow jurors to see copies of a written transcript while they listen to a tape recording. State v.Blankenship (May 22, *Page 8 
1985), Medina App. No. 2050. As such, we will not reverse a trial court's decision on this issue unless it abused its discretion. "A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably." State v.Dunham, Scioto App. No. 04CA2931, 2005-Ohio-3642, ¶ 28, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court." Id. at ¶ 28, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 25} Here, the trial court held a hearing out of the presence of the jury to review any differences between the audio recording and the written transcript. Bell's counsel pointed out differences or inconsistencies. The only arguably major difference involved Bell's statement that he should have discarded the drugs. However, after the discussion in chambers, counsel did not pursue this difference any longer. That is, counsel did not cross-examine witnesses on this issue or raise a specific objection regarding this part of the audio recording.
 {¶ 26} The transcriber of the listening aid was brought before the court and questioned about her production of the transcript. She testified that she listened to the original recording and enhanced versions of the audio tapes. She also stated she was familiar with the voices involved. She created the original transcript after listening to the original recording. She testified that after listening to the enhanced recording, only a few changes were made, but all of the changes were minor. In fact, she testified that she consulted Bell and his *Page 9 
girlfriend about the recording. They listened to the recording and provided additional notes to the transcriber.
 {¶ 27} Based on this evidence, we find that Bell did not establish "material differences" between the audio recording and the written transcript. In addition, the trial court properly instructed the jury on how to use the listening aid. The court did not admit the transcript into evidence. The transcripts were taken from the jurors when they finished listening to the recording. Therefore, we find that the trial court did not abuse its discretion when it allowed the jurors to see copies of a written transcript while they listened to the audio recording.
 {¶ 28} Accordingly, we overrule Bell's third assignment of error. Having overruled all three of Bell's assignments of error, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1